CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 0 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RICHARD H. ROSE, JR., JULIA ROSE, d/b/a RIVANNA RIVER AND CANAL RESERVE, *Plaintiffs,* v. BOARD OF SUPERVISORS OF FLUVANNA COUNTY, VIRGINIA, *Defendant.* | CIVIL ACTION NO. 3:03-CV-00087 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Plaintiffs have brought this suit challenging the Defendant Board's denial of a special use permit. They request an injunction and a declaratory judgment stating that Defendants' actions constituted a violation of the Due Process Clause of the Constitution. The matter is currently before the Court on Defendants' Motion for Summary Judgment. For the reasons set forth below, the Court will grant the Motion.

## I. BACKGROUND

Plaintiffs own approximately 660 acres of land in Fluvanna County, known as "Carysbrook." The Rivanna River runs through the property. On February 20, 2003, Plaintiffs submitted an application for a special use permit to Fluvanna County, requesting that the County allow them to mine sand from one spot in the river on their property for sixteen days per year.

On March 31, 2003, during a public hearing, the Planning Commission of Fluvanna County voted to recommend denial of Plaintiff's application; then, on April 16, 2003, the Fluvanna County Board of Supervisors ("the Board") unanimously voted to deny the application after considering "the recommendations within the Fluvanna County Comprehensive Plan, the intent of Agricultural and Forestal districts, and the high importance of the environmental integrity of the Rivanna River." Compl., Ex. C at 3.

On April 24, 2003, Plaintiffs applied again for a special use permit to mine sand from the Rivanna River, this time adjacent to a second parcel of land which the Roses owned, known as "Rivanna Canal Property." Plaintiffs again wished to mine sixteen days out of the year. On May 27, 2003, the Planning Commission of Fluvanna County voted unanimously to recommend that the Board approve Plaintiff's special use permit, subject to certain conditions. Nonetheless, on July 16, 2003, the Board voted four to two to deny Plaintiff's application, without providing reasons in the minutes. Compl., Ex. F. at 4–5. Plaintiff alleges, however, that during the meeting, Board members reasoned that: 1) the people of Fluvanna County "just don't want" a sand dredging operation on the Rivanna River; 2) the Rivanna River must be kept "pristine;" 3) "any intrusion" on the Rivanna River is an intrusion too many; 4) the Board must enforce an October 11, 1991 moratorium on sand dredging; and 5) the state and federal agencies which are legally responsible for protecting waterways are incapable of protecting the Rivanna River. Compl. at 20.

Plaintiffs then commenced two separate actions in the Circuit Court of Fluvanna County. In the first action, filed May 19, 2003, Plaintiffs asserted essentially the same facts alleged in the Complaint filed in this Court, and asked for a declaratory judgment on the grounds that the

Board's actions were arbitrary and capricious and beyond the scope of its authority with respect to the decision on the Carysbrook application. In the second action, filed August 15, 2003, Plaintiffs sought the entry of a declaratory judgment that the Board's actions were arbitrary and capricious and beyond the scope of its authority with respect to the decision on the Rivanna Canal Property application.

On October 7, 2003, Plaintiffs instituted an action in this Court pursuant to 42 U.S. § 1983, claiming violations of their Fourteenth Amendment rights to substantive and procedural Due Process, and requesting a declaratory judgment pursuant to 28 U.S.C. § 2201. Defendants filed a motion to dismiss shortly thereafter. On April 8, 2004, the United States Magistrate Judge issued a Report and Recommendation recommending that this Court grant Defendant's motion to dismiss on federal abstention grounds. On May 20, 2004, this Court stayed the case pending the resolution of the state proceedings.

At this point, the state proceedings have concluded. The Circuit Court of Fluvanna County found in both instances that the Board did not act arbitrarily or capriciously, nor beyond the scope of its authority. Def.'s Mot. Summ. J., Ex. 1–2. The Virginia Supreme Court also refused a petition for appeal. Def.'s Mot. Summ. J., Ex. 3. This Court lifted the stay on the federal proceedings, and the Defendant has moved to dismiss for lack of subject matter jurisdiction pursuant to the *res judicata* and *Rooker-Feldman* doctrines; and for summary judgment.

### ANALYSIS:

*1. Rooker-Feldman and Res Judicata:*

Defendants first argue that Plaintiff's claim is barred under the *Rooker-Feldman* doctrine.

*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). However, in the recent case of *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Supreme Court significantly narrowed the scope of that doctrine. Under *Exxon*, "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dept. of Transp.*, _ F.3d_ , 2006 WL 91807, *2 (4th Cir. 2006). In this case, Plaintiffs seek a remedy for the Board's denial of their special permit, not redress from an injury which the state court decision caused. Thus, the *Rooker-Feldman* doctrine does not bar Plaintiffs' suit.

Next, Defendants contend that the decision in the state court proceedings bars any further litigation in this Court, as the federal courts must give full faith and credit to valid state court judgments. U.S. Const. Art. IV, § 1; 28 U.S.C. § 1738; *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000). The Full Faith and Credit Act requires this Court to "give the same preclusive effect to a state court judgment as another court of that state would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). The Court must look to the law of Virginia to determine whether the prior state court ruling bars the current litigation. *See Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 327 (4th Cir. 2005).

Under Virginia law, a valid state court judgment on the merits precludes bringing the same cause of action, or any part of that cause of action which could have been litigated in the prior action, against the same party. *Flora, Flora & Montague, Inc. v. Saunders*, 235 Va. 306, 310, 367 S.E.2d 493, 495 (1988). In this case, Plaintiffs' original state court claims were for declaratory judgments that the Board's action was arbitrary, capricious, and beyond its authority.

4

However, Plaintiffs' claim in federal court alleges a violation of procedural and substantive due process. As the two claims are not identical, under Virginia law, the procedural due process claim is not barred. *See Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003).

Virginia law also prohibits "claim-splitting," or bringing multiple actions involving the same set of facts, when "each suit addresses only a part of the claim." *Davis*, 265 Va. at 165, 576 S.E.2d at 506 (citations omitted). In order to determine whether a plaintiff is impermissibly "claim-splitting," the courts consider whether the same evidence is necessary to support both claims. *Brown v. Haley*, 233 Va. 210, 216, 355 S.E.2d 563, 567 (1987).

To state a claim for a procedural due process violation, Plaintiffs must show that 1) they had a protected property interest, 2) of which Defendants deprived them, 3) without due process of law. *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (citing *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 826 (4th Cir. 1995)). To demonstrate that the Board's actions were arbitrary and capricious, Plaintiffs argued in state court that the Board's decisions were not reasonable as a matter of state law, and that the Board acted outside the scope of its authority. *See* Pl.'s Mot. Opp'n.at 6. Under Virginia law, different facts are used to prove the different elements of the procedural due process claim and the state court claim, and the doctrine of *res judicata* does not apply. *See Davis v. Marshall Homes, Inc.*, 265 Va. 159, 576 S.E.2d 504 (2003); *Brown v. Haley*, 233 Va. 210, 355 S.E.2d 563 (1987).

It is unnecessary to decide whether or not *res judicata* bars Plaintiffs' substantive due process claim, as the litigation in state court estops Plaintiffs from proving an essential element of that claim. To state a claim for a substantive due process violation, Plaintiffs must show that

5

they 1) possessed a protected property interest, 2) of which the state deprived them, and 3) "that the state's action falls so far beyond the outer limits of legitimate governmental authority that no process could cure this deficiency." *Id.* (quoting *Sylvia Dev. Corp.*, 48 F.3d at 827). The question of whether the state's action was outside the scope of legitimate governmental authority was fully litigated and decided in the state court proceedings. *See* Pl.'s Mot. Opp'n.at 6, Def.'s Mot. Dismiss, Ex.'s 2 & 3. Thus, Plaintiffs are collaterally estopped from claiming that the Board's action was outside the scope of its authority. *See Lofton Ridge, L.L.C., v. Norfolk Southern Ry., Co.*, 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (citing *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974)). As Plaintiffs cannot prove an essential element of their substantive due process claim, that claim must be dismissed.

2. *Procedural Due Process:*

Defendants also argue that Plaintiffs have not stated a valid property interest in support of their Fourteenth Amendment claims, and therefore move for summary judgment.[1] The Court will grant a motion for summary judgment if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In order to succeed in a claim for violation of due process, Plaintiffs must show that they possessed a "cognizable property interest" of which the Board's action deprived them. *Scott v. Greenville County*, 716 F.2d 1409, 1418 (4th Cir. 1983). The parties have already litigated the

---

[1] Plaintiffs contend that Defendants cannot move to dismiss for failure to state a protected property interest, because they did not include it in their first Motion to Dismiss, filed before this action was stayed. However, parties do not waive the right to raise the defense of a failure to state a claim by failing to raise it in the answer or by Rule 12 motion. Fed. R. Civ. P. 12(h)(2).

6

issue of whether the Board acted outside the scope of its authority in state court, and the Circuit Court held that the Board's actions were proper. *See* Def.'s Mot. Dismiss, Ex.'s 2 & 3. Plaintiffs are therefore collaterally estopped from challenging the Board's authority to regulate sand mining in the Rivanna River. *See Lofton Ridge, L.L.C.*, 268 Va. at 381, 601 S.E.2d at 650. Because the Board's ability to issue or deny permits for sand mining is not in dispute, the only question remaining is whether Plaintiffs had a property right in the permits themselves.

"A property interest requires more than an 'unilateral expectation' that a permit or license will be issued; instead, there must be a 'legitimate claim of entitlement.'" *Biser v. Town of Bel Air*, 991 F.2d 100, 104 (4th Cir. 1993)(quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Therefore, if the Board had no choice as to whether to grant Plaintiffs' request for a permit, a legitimate entitlement exists; on the other hand, if the Board had "significant discretion" is choosing whether or not to issue the permit, Plaintiffs could have had no legitimate entitlement, and accordingly, no property interest, in the permit. *Id.*

In their Complaint, Plaintiffs cite the Fluvanna County Code, which provides:

> In the governing body's consideration of a special use permit application, the governing body shall consider the following guidelines: (a) The proposed use shall not tend to change the character and established pattern of the area or community in which it proposes to locate; and (b) the proposed use shall be compatible with the uses permitted by right in that zoning district and shall not adversely affect the use and/or value of neighboring property.
> Fluvanna County Code § 22-17-4(D); Compl ¶ 12.

In addition, the Virginia Code sets out various factors for the Board to consider when applying a zoning ordinance.[2] The Board should also consider the health, safety, morals and

---

[2] "Zoning ordinances and districts shall be drawn and applied with reasonable consideration for the existing use and character of property, the comprehensive plan, the suitability of property for various uses, the trends of growth or change, the current and future

7

general welfare of citizens when deciding whether to issue a special permit. *See County of Lancaster v. Cowardin*, 239 Va. 522, 525 (1990). The long list of factors provides the Board with significant discretion in its decisions to grant or deny a permit. *See Biser*, 991 F.2d at 104. As a result, Plaintiffs had no property interest in the permit, and cannot succeed in showing a violation of due process. *Id.*

## III. CONCLUSION

Accordingly, as there are no genuine issues of material fact remaining, the Court will grant Defendant's Motion for Summary Judgment. An appropriate Order shall issue this day.

ENTERED: _[signature]_
United States District Judge

2-1-06
Date

---

requirements of the community as to land for various purposes as determined by population and economic studes and other studies, the transportation requirements of the community, the requirements for airports, housing, schools, parks, playgrounds, recreation areas and other public services, the conservation of natural resources, the preservation of flood plains, the preservation of agricultural and forestal land, the conservation of properties and their values and the encouragement of the most appropriate use of land throughout the locality." Va. Code. Ann. § 15.2-2284.